## CIRCUIT COURT OF THE CITY OF RICHMOND

R. Terry Hall

v.

Virginia Commonwealth University

Mark S. Hebertson

v.

Virginia Commonwealth University

April 2, 1987

Cases No. N 4041-4, N 3995-2

By JUDGE ROBERT L. HARRIS, SR.

In June, 1985, petitioners moved with their wives from Utah to Virginia, to establish a permanent residence and to attend dental school. Petitioners enrolled in the Medical College of Virginia Dental School in July, 1985. After residing in Virginia for the twelve-month period required by § 23-7.4 of the Code of Virginia, petitioners applied for in-state tuition rates. Petitioners' applications were denied by both the Assistant Director of Admissions at Virginia Commonwealth University ("VCU") (intermediate reviewer) and the Residency Appeals Committee on the basis that petitioners did not present clear and convincing evidence of their intent to make Virginia their domicile. Specifically, it was determined that petitioners did not present clear and convincing evidence

to rebut the presumption that they came to Virginia for the purpose of attending school and not as bona fide domiciles pursuant to § 23-7.4(C) of the Code of Virginia. Petitioners have made a timely appeal to this court for review of the Residency Appeals Committee decisions.

Upon review of these Residency Appeals Committee decisions, this court finds that petitioners R. Terry Hall and Mark S. Hebertson are Virginia domiciles and have been so domiciled for a period of at least one year prior to the first day of the August 2, 1986, semester.

The following portion of § 23-7.4(H), Code of Virginia of 1950, as amended, sets forth the standard of review for the court in in-state tuition status cases:

> In any such action, the institution shall forward the record to the court, whose function shall be only to determine whether the decision rendered by the institution could *reasonably* be said on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious or otherwise contrary to law. (Emphasis added.)

Under the "substantial evidence" test, the court may reject the VCU finding only if in reviewing the record a reasonable mind would necessarily come to a different conclusion. *Virginia Real Estate Comm. v. Bias*, 226 Va. 264 (1983). This court finds that the respondent has not carried its burden in these cases but rather that petitioners, by clear and convincing evidence, have established their intent to make Virginia their domicile.

The record shows that each petitioner's presence in Virginia is not primarily for educational purposes. In their individual determinations to relocate to Virginia from Utah, petitioners' decisions were significantly influenced by factors other than their desire to enroll in MCV. Specifically, both petitioners felt that Virginia would provide them with a favorable environment for the practice of dentistry. Mr. Hall was also influenced by Virginia's strong educational system which would benefit his wife's teaching career. Mr. Hebertson and his wife are members of the Church of Latter Day Saints, and their selection of Richmond as a place to live was significantly

influenced by the fact that there was an active church in Richmond.

This court does recognize, though, that these factors do not necessarily constitute domiciliary intent since it is not possible to develop the requisite domiciliary intent unless one is physically present in Virginia at that time. *Obenshain v. Heyser*, 179 Va. 630 (1942). These factors, however, coupled with petitioners' actions since moving to Virginia certainly establish their intent to make Virginia their domicile.

After moving to Virginia, petitioners obtained Virginia drivers' licenses, registered their cars in Virginia, registered to vote in Virginia, and opened local bank accounts. Petitioners and their wives have maintained employment in Virginia and paid Virginia income taxes. Mr. Hebertson bought a home in Richmond in June, 1985. Mr. Hall is active in his church and holds a leadership position in an auxiliary organization of the church. Although this conduct by petitioners may constitute acts "auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth," § 23-7.4(B), they constitute strong evidence that each petitioner's home is, in fact, Virginia. *See Report of the Attorney General* (1981-1982) at 69-71.

There is additional evidence in the record to support a finding of petitioners' intent to make Virginia their domicile. "Domicile" is defined as the "present, fixed home of an individual to which he returns following temporary absence and at which he *intends to stay indefinitely.*" Section 23-7.4 (Emphasis added). Intending to remain indefinitely means that the individual has no fixed or specific plans to move from the Commonwealth of Virginia. *Guidelines of the State Council of Higher Education* at 6.

The record shows that petitioners have no financial contacts with Utah and have not returned to Utah except for brief vacations which evidences their intent to abandon Utah as their domicile. Additionally, neither Hall nor Hebertson have expressed any intent to return to Utah, or move to any other state, following their graduation from dental school. They have made no plans, to date, to relocate to another state. They expressed their intent to remain in Virginia following graduation from MCV to pursue their dental careers. As such, petitioners have

provided clear and convincing evidence of their intent to remain indefinitely in Virginia.

For the above stated reasons, this court finds that petitioners have shown, by clear and convincing evidence, that they are domiciles of Virginia. This court also is satisfied that petitioners have presented clear and convincing evidence to rebut the statutory presumption of § 23-7.4(B) that they are in Virginia for the purpose of attending school rather than as a bona fide domiciliary. Although petitioners are dental students at MCV, there is substantial evidence to support petitioners' intent to make Virginia their home and to stay in Virginia for an indefinite period.

Although the court recognizes respondent's contention that *some* substantial evidence in support of the Residency Appeal Committee's decisions is all this court need find in order to sustain the Committee's decisions, the record in both the Hall and Hebertson cases lacks substantial evidence to support respondent's denial of in-state tuition rates. Given a different set of facts, an opposite conclusion could be reached. This court finds, however, that the petitioners have fulfilled the requirements of § 23-7.4 of the Code of Virginia.